FILED

2010 JUL -1 AM 8: 13

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BARRIA,<br><br>                Plaintiff,<br>vs.<br><br>GABRIEL YU, Trustee of YU FAMILY TRUST; et al.,<br><br>                Defendants. | CASE NO. 08-CV-0908 BEN (CAB)<br><br>ORDER DENYING MOTION TO SUBSTITUTE PLAINTIFF AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>[Docket No. 45] |

       Currently before this Court is a Motion to Substitute Plaintiff ("Motion") filed by Martha Barria as Plaintiff's alleged successor-in-interest. The Motion is made on the grounds that Plaintiff passed away on February 23, 2010. (Docket No. 45.) For the reasons set forth below, the Court denies the Motion and dismisses the action without prejudice based on lack of subject-matter jurisdiction over the claims surviving Plaintiff's death.

## BACKGROUND

       Plaintiff alleges he has a mobility impairment and uses a wheelchair. (First Am. Compl. [Docket No. 3], ¶ 10.) Plaintiff claims that, on or around April 17, 2008 and at certain other times, Plaintiff was denied full and equal access to Defendants' facilities because such facilities were inaccessible to members of the disabled community who use wheelchairs for mobility. (*Id.* at ¶ 11.)

On May 21, 2008, Plaintiff initiated this action. (Docket No. 1.) The operative complaint is the First Amended Complaint filed on September 19, 2008. (Docket No. 3.) The First Amended Complaint alleges the following causes of action: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; (2) violation of the California Unruh Act, California Civil Code § 51, et seq., and California Disabled Persons Act, California Civil Code § 54, et seq.; (3) violation of California Health and Safety Code § 19955; (4) Negligence Per Se; (5) Negligence; (6) Declaratory Relief; and (7) Injunctive Relief. *Id.*

On February 23, 2010, Plaintiff passed away. (Docket No. 44.)

On May 26, 2010, Martha Barria filed the Motion currently before this Court. (Docket No. 45.) According to the Motion and her declaration, Ms. Barria is Plaintiff's mother and sole successor-in-interest. (P&A, pg. 2; Decl., ¶¶ 4-5.) Defendants did not file an opposition or other response to the Motion. Nonetheless, this Court has an independent duty to assess whether it has proper subject-matter jurisdiction over the claims brought before it. Fed. R. Civ. P. 12(h)(3). For the reasons set forth below, the Court finds it lacks subject-matter jurisdiction over the claims that survive Plaintiff's death and, therefore, dismisses the action without prejudice. Because the Court does not reach the merits of the Motion, the Motion is denied without prejudice to its refiling in State Court.

## DISCUSSION

Martha Barria moves to substitute herself in place of Luis Barria under Federal Rule of Civil Procedure 25(a)(1). Rule 25(a)(1) provides, in relevant part, that a court may order substitution of a proper party "[i]f a party dies and the claim is not extinguished." Fed. R. Civ. P. 25(a)(1).

Plaintiff concedes that Luis Barria's claim for injunctive relief (Seventh Cause of Action) is extinguished by his death (P&A, pg. 2.) The issue is, therefore, whether Plaintiff's other claims survive his death.

Plaintiff's first claim for relief arises under Title III of the ADA pursuant to 42 U.S.C. § 12188(a). (First Am. Compl., ¶ 20.) The only remedy available to a private litigant under Title III is injunctive relief. 42 U.S.C. § 12188(a); *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA-only injunctive relief is available for violations of Title III."); *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary

relief is not an option for private individuals under Title III of the ADA."). Claims for injunctive relief require that there exist a real or immediate threat of irreparable harm. *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1021-1022 (9th Cir. 2004). As conceded by Plaintiff, the death of a plaintiff renders a claim for injunctive relief moot. *Kennerly v. United States*, 721 F.2d 1252, 1260 (9th Cir. 1983). Therefore, Plaintiff Luis Barria's death extinguished his ADA claim (First Cause of Action) and Martha Barria cannot be properly substituted as Plaintiff for this claim. Fed. R. Civ. P. 25(a)(1).

The extinguishment of Plaintiff's ADA claim leaves only state law claims in this case. A court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Here, in light of the early stages of this case, the Court declines to exercise supplemental jurisdiction and, therefore, dismisses the remaining state law claims without prejudice. As such, the Court does not reach the issue of substitution of Martha Barria over the remaining state law claims.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Martha Barria's Motion for Substitution of Plaintiff. The case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The hearing scheduled for July 12, 2010 on the Motion is vacated. The Clerk is ordered to close the file in this case.

IT IS SO ORDERED.

Date: 6/30/2010

Hon. Roger T. Benitez
Judge, United States District Court